**DISCIPLINARY COUNSEL *v.* RATHBURN.**

**[Cite as *Disciplinary Counsel v. Rathburn*,**

**126 Ohio St.3d 502, 2010-Ohio-4467.]**

*Attorneys — Misconduct — Consent to discipline — Two-year license suspension*
*stayed on conditions.*

(No. 2010-0661 — Submitted June 9, 2010 — Decided September 28, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 09-101.

_____

**Per Curiam**.

{¶ 1} Respondent, Dennis A. Rathburn of Ashville, Ohio, Attorney
Registration No. 0055233, was admitted to the practice of law in Ohio in 1991.
After respondent was charged with two felonies for presenting an altered
prescription for Roxicodone to a pharmacy, relator, Disciplinary Counsel, charged
him with engaging in conduct involving dishonesty, fraud, deceit, or
misrepresentation and engaging in conduct that adversely reflects on his fitness to
practice law. A panel of the Board of Commissioners on Grievance and
Discipline considered the cause on the parties' consent-to-discipline agreement.
See Section 11 of the Rules and Regulations Governing Procedure on Complaints
and Hearings Before the Board of Commissioners on Grievances and Discipline
("BCGD Proc.Reg."). The panel and board recommend that we accept the
agreement, including the agreed stipulations of fact and misconduct and
recommended sanction of a two-year suspension stayed on conditions. We adopt
these findings of fact and misconduct and the recommended sanction.

**Misconduct**

**{¶ 2}** The stipulated facts show that respondent had suffered from severe chronic back pain and a severe right knee injury for many years. From June 2003 through May 2009, a treating physician prescribed increasing doses of narcotic pain medication to treat this pain.

**{¶ 3}** After presenting an altered prescription for Roxicodone to a pharmacy, respondent was charged in a two-count bill of information with deception to obtain a dangerous drug in violation of R.C. 2925.22(A) and illegal processing of drug documents in violation of R.C. 2925.23(B)(1), both fourth-degree felonies. The next day, respondent moved for intervention in lieu of conviction and pleaded guilty to both charges. On Sept. 21, 2009, the trial court determined that respondent was eligible for intervention in lieu of conviction and sentenced him to three years of intervention and 40 hours of community service. Respondent completed inpatient treatment at Talbot Hall, a drug-and-alcohol treatment facility at Ohio State University Hospital East, from June 12 through June 17, 2009, followed by an intensive outpatient program from June 18 through August 3, 2009.

**{¶ 4}** The parties have stipulated, and the panel and board have found, that respondent's conduct violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

### Sanction

**{¶ 5}** In recommending a sanction, the panel and board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. Consistent with the parties' stipulations, they found the following factors mitigating in favor of a lesser sanction: (1) no prior disciplinary record, (2) full and free disclosure during relator's investigation and a cooperative attitude toward the disciplinary proceedings, (3) the imposition of other penalties or sanctions, and (4) the

diagnosis of a chemical dependency that contributed to respondent's misconduct, his successful completion of an approved treatment program, and the prognosis that he will be able to return to the competent, ethical practice of law. See BCGD Proc.Reg. 10(B)(2)(a), (d), (f), and (g). There is no evidence of aggravating factors. See BCGD Proc.Reg. 10(B)(1).

{¶ 6} Both the panel and the board accepted the parties' consent-to-discipline agreement, including the finding of misconduct and recommended sanction. We agree that respondent violated Prof.Cond.R. 8.4 (c) and 8.4(h) and that consistent with the parties' agreement, this conduct warrants a two-year suspension, all stayed on the conditions that he (1) remain alcohol- and drug-free, (2) enter into a two-year contract with the Ohio Lawyers Assistance Program and comply with the terms of that contract, (3) attend, at a minimum, a weekly meeting of Alcoholics Anonymous or Narcotics Anonymous, and (4) comply with the terms of his court-supervised intervention.

{¶ 7} In *Disciplinary Counsel v. Wolf*, 110 Ohio St.3d 411, 2006-Ohio-4709, 853 N.E.2d 1169, we imposed a similar sanction for violations of the corresponding provisions of the Code of Professional Responsibility[1] arising from the attorney's conviction on two counts of procuring dangerous prescription drugs by deception in violation of R.C. 2925.22(A).

{¶ 8} On the recommendation of the panel and board, we accept the consent-to-discipline agreement. Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years, with the suspension stayed on the conditions that he (1) remain alcohol- and drug-free, (2) enter into a two-year contract with the Ohio Lawyers Assistance Program and comply with the terms of that contract, (3) attend, at a minimum, a weekly meeting of Alcoholics

---

1. DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects upon the lawyer's fitness to practice law).

Anonymous or Narcotics Anonymous, and (4) comply with all terms of his court-supervised intervention. If respondent fails to meet these conditions, the stay of his suspension will be lifted, and respondent will serve the entire two-year suspension from the practice of law. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Robert Erney, for respondent.

_____